IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRENDA G.,[1]

                      Plaintiff,                  Civ. No. 3:18-cv-01066-MC

     v.                                                **OPINION AND ORDER**

**NANCY A. BERRYHILL**, Acting
Commissioner of Social Security

                      Defendant.

_____

**MCSHANE, Judge:**

      Plaintiff Brenda G. brings this action for judicial review of the Commissioner of Social Security's ("Commissioner") decision denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"). This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). For the reasons below, the Commissioner's final decision is affirmed.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental parties in this case.

Page 1 – OPINION AND ORDER

Plaintiff was 31 years old on her alleged onset date of May 15, 2008. Tr. 136, 346.[2] She completed her GED and some medical assistance training and has past work experience building crates and cleaning glass. Tr. 346-47. She alleged disability due to cervical lumbar back disorder, bipolar disorder, anxiety, sleep disorder, Graves disease, hypothyroidism, OCD, depression, and PTSD. Tr. 345.

Plaintiff filed her application for SSI on May 28, 2015. Tr. 211. Her claim was denied initially and upon reconsideration. Tr. 262, 269. Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ") and appeared for a hearing on March 10, 2017. Tr. 168-89. In a written decision dated June 15, 2017 the ALJ denied Plaintiff's applications. Tr. 120-24. The Appeals Council denied Plaintiff's subsequent petition for review, rendering the ALJ's decision final. Tr. 1-5.

## STANDARD OF REVIEW

A reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, a court reviews the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989).

---

[2] "Tr." refers to the Transcript of the Social Security Administrative Record, ECF No. 11, provided by the Commissioner.

**DISCUSSION**

The Social Security Administration utilizes a five-step sequential evaluation to determine whether a claimant is disabled. *See* 20 C.F.R. § 416.920(a)(4) (2012). The burden of proof rests upon the claimant at steps one through four, and with the Commissioner at step five. *Id.*; *Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001) (citing *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)). At step five, the Commissioner must demonstrate that the claimant is capable of making an adjustment to other work after considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. 20 C.F.R. § 416.920(a)(4)(v). If the Commissioner fails to meet this burden, then the claimant is disabled. *Id.* If, however, the Commissioner proves that the claimant can perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Id.*; *see also Bustamante*, 262 F.3d at 953–54.

The ALJ performed the sequential evaluation. At step one, the ALJ found that Plaintiff had not performed substantial gainful activity since May 28, 2015, the application date. Tr. 126. At step two, the ALJ found Plaintiff had the following severe impairments: musculoskeletal conditions described as lumbar and cervical degenerative disc disease, left shoulder fracture/injury status-post surgery, and mental health conditions variously described as bipolar disorder, PTSD, anxiety, OCD, and substance addiction disorder. *Id*. At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the listings. Tr. 27; 20 C.F.R. Part 404, Subpart P, Appendix 1.

Prior to step four, the ALJ determined that Plaintiff's RFC allowed her to perform light work with the following limitations:

> [L]ifting and carrying 20 pounds occasionally and 10 pounds frequently; sitting up to six hours in an eight-hour day; standing and walking six hours total in an eight-hour day;

pushing and pulling as much as lifting and carrying, except pushing and pulling with the left upper extremity would be limited to the frequent level; the individual would be limited to reaching in all directions at the frequent level with the left upper extremity (the non-dominant extremity); the individual would be limited to handling frequently with the left upper extremity; climbing ladders and scaffolds limited to the occasional level; the individual would be limited to simple routine and repetitive tasks, and simple work related decisions; interaction with coworkers would be limited to the occasional level; interaction with the public would be limited to the superficial level (passing people in the hallways would be allowed but no direct contact as part of the day-to-day job duties).

Tr. 128. At step four, the ALJ found that Plaintiff was unable to perform any of her past relevant work. Tr. 135. At step five, the ALJ found that based on Plaintiff's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy such that Plaintiff could sustain substantial gainful employment despite her impairments. Tr. 136. Specifically, the ALJ found Plaintiff could perform the occupations of office helper, hand packager/inspector; and production assembler. *Id.* As a result, the ALJ concluded that Plaintiff was not disabled within the meaning of the Act. Tr. 137.

Plaintiff contends the ALJ erred by: (I) failing to properly evaluate the medical opinion evidence; (II) failing to provide clear and convincing reasons to reject her subjective symptom testimony; and (III) failing to properly consider new evidence submitted after the decision date.

I. **Medical Evidence**

Plaintiff first argues that the ALJ improperly weighed the opinions of Sarah Ronald, a mental health counselor; Alyssa Torby, M.D.; A. Rodriguez, PA; and D. L. Eubanks, M.D. "There are three types of medical opinions in social security cases: those from treating physicians, examining physicians, and non-examining physicians." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 692 (9th Cir. 2009). "Where a treating or examining physician's opinion is contradicted by another doctor, the '[ALJ] must determine credibility and resolve the conflict.'" *Id.* (citation omitted). "An ALJ may only reject a treating physician's contradicted opinions by

providing 'specific and legitimate reasons that are supported by substantial evidence.'" *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014) (quoting *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)).

"An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.'" *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). Merely stating conclusions is insufficient: "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id*. "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Id*. at 1012-13 (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)).

Plaintiff objects to the ALJ's evaluation of the medical record, specifically his treatment of the opinions of Ms. Ronald, Dr. Torby, Mr. Rodriguez, and Mr. Eubanks. Plaintiff however does not provide legal argument challenging the ALJ's reasons for his findings.

Here, the ALJ gave great weight to State agency medical consultants Sharon Eder, M.D., and Neal Berner, M.D. Tr. 133. Drs. Eder and Berner reviewed the medical record and found Plaintiff could perform light work with some limitations. Tr. 218-31, 233-55. The ALJ also gave great weight to the opinions of psychologists Scott Kaper, Ph.D., and Joshua Boyd, Psy.D., who found Plaintiff's mental limitations did not preclude substantial gainful employment. Tr. 133-34, 218-31, 233-55. The ALJ then resolved outstanding conflicts in the medical record, noting that some opinions in the record were inconsistent with Plaintiff's treatment history, objective findings,

and other evidence. Tr. 134-35. Specifically, the ALJ gave less weight to the opinions of Ms. Ronald, Dr. Torby, Dr. Eubanks, and Mr. Rodriguez. The Court has reviewed the medical evidence of record and finds that the ALJ provided legally sufficient reasons to support his findings.

The ALJ may reject a medical opinion that is unsupported by clinical findings or by the record as a whole. *Batson*, 359 F.3d at 1195. Here, while Ms. Ronald opined that Plaintiff had a disability and needed a therapy animal, the ALJ found this was inconsistent with the fact that Plaintiff's mental health was improving on a conservative medication routine. Tr. 134, 565. The ALJ therefore gave little weight to Ms. Ronald's opinion. *Batson*, 359 F.3d at 1195.

Dr. Torby's opined that Plaintiff had a markedly limited capacity to interact with the public and to accept criticism from supervisors. The ALJ found this to be inconsistent with Plaintiff's testimony; specifically, that Plaintiff did not have difficulty interacting with authority figures and had not lost jobs due to problems getting along with others. Tr. 134, 372, 894-95. This conclusion was supported by substantial evidence. *Batson*, 359 F.3d at 1195. Finally, while Dr. Eubanks and Mr. Rodriguez opined that Plaintiff's back, shoulder, and hand problems prevented her from full-time work, the ALJ found no objective basis for Plaintiff's alleged hand symptoms. Tr. 135, 805, 1407-12. On this record, the ALJ provided legally sufficient reasons to support his evaluation of the medical record. While Plaintiff presents an alternative interpretation of the evidence, the ALJ's decision was rational and therefore must be affirmed. *Tackett,* 180 F.3d at 1098.

## II. Subjective Symptom Testimony

Plaintiff next argues the ALJ failed to provide clear and convincing reasons for discounting her subjective symptom testimony. An ALJ may only reject testimony regarding the severity of a claimant's symptoms if she offers "clear and convincing reasons" supported by "substantial evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). The ALJ,

however, is not "required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to 42 U.S.C. § 423(d)(5)(A)." *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (citation omitted). In assessing credibility, the ALJ "may consider a range of factors." *Ghanim*, 763 F.3d at 1163. These factors include "ordinary techniques of credibility evaluation," a plaintiff's daily activities, objective medical evidence, treatment history, and inconsistencies in testimony. *Id*. An ALJ may also consider the effectiveness of a course of treatment and any failure to seek further treatment. *Crane v. Shalala*, 76 F.3d 251, 254 (9th Cir. 1996); *Molina*, 674 F.3d at 1113.

Plaintiff alleged she became disabled in May 2008 due to her combined impairments.[3] Tr. 323, 346. At the hearing, she testified that she was unable to work primarily due to issues with her neck and back. Tr. 172. Plaintiff alleged that she has a hard time focusing and doing daily activities due to pain. *Id.* She also testified to debilitating anxiety and other mental symptoms, difficulty being around people, and issues with her hands and her shoulder. Tr. 173-76.

The ALJ rejected Plaintiff's testimony to the extent it conflicted with the RFC. Tr. 129. First, he noted that despite her allegation that she became disabled in May 2008, the record shows Plaintiff continued to work for two months and left her job because her employer went out of business and she returned to school. Tr. 346. The ability to work "with a fair amount of success" during the relevant period is a valid reason to discount the veracity of the claimant's allegations. *Drouin v. Sullivan,* 966 F.3d 1255, 1258 (9th Cir. 1992). The ALJ reasonably determined that

---

[3] In her briefing, she contends that she amended her onset date to August 1, 2013, citing a letter from her attorney to the ALJ dated March 6, 2017. Tr. 416. The letterhead reads: "AOD: 5/15/2008 – Amended to 8/1/2013." *Id.* The amendment of the alleged onset date was not raised at the administrative hearing one month later, where Plaintiff was represented by counsel. Tr. 168-89. When given the opportunity, Plaintiff's counsel did not object to the relevancy of any documents in Plaintiff's file. Tr. 170. Moreover the ALJ provided at least one legally sufficient reason for rejecting Plaintiff's testimony even when a later alleged onset date is assumed.

Plaintiff's work activity after the alleged onset date undermined her testimony that she was completely disabled by her limitations.

Second, the ALJ found that Plaintiff's symptoms were controlled with medications. Tr. 129-31. Impairments that can be controlled effectively with [treatment] are not disabling. *Warre v. Comm'r Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). Here, the ALJ noted that Plaintiff told providers that pain medications were generally effective at controlling her symptoms and allowing her to complete daily activities. Tr. 129, 707, 712, 715, 721. The ALJ also noted Plaintiff's providers found that her anxiety, PTSD, and mood disorders were well controlled with medications. Tr. 131-32, 691 (anxiety "well controlled" on medication), 1319 (anxiety medication "continues to be helpful"), 1325 (same), 1400 (Plaintiff's mood and PTSD symptoms remain "well-controlled"), 1406. On this record, it was reasonable for the ALJ to conclude that Plaintiff's conditions were less disabling than alleged. *Warre*, 439 F.3d at 1006.

Third, the ALJ found that Plaintiff's statements about her daily activities contradicted her subjective symptom testimony. Tr. 133. A claimant's activities can constitute grounds for rejecting their testimony to the extent they contradict claims of a totally debilitating impairment. *Molina,* 674 F.3d at 1113. Here, while Plaintiff alleged trouble with memory, completing tasks, and concentration, Plaintiff told her treatment providers that her medications allowed her to function and complete daily activities, without cognitive impairment. Tr. 133, 1036. While Plaintiff alleged to the Agency that she could not work, she was able to care for her niece full-time for five weeks and care for her own two children. Tr. 493, 1301. Finally, while Plaintiff testified that she had difficulty being in public or leaving the house, she reported enjoying being active around town with her children and using public transportation. Tr. 176, 181, 1044, 1309. The ALJ reasonably

resolved these inconsistencies by rejecting Plaintiff's subjective testimony as to the nature and extent of her limitations.

In sum, the ALJ provided sufficient clear and convincing reasons for rejecting Plaintiff's subjective symptom testimony.

## III. New Evidence

After the ALJ rendered his decision, Plaintiff submitted new evidence to the Appeals Council. Tr. 2, 147-67. The Appeals Council reviewed this evidence and incorporated it into the administrative record but did not find a reasonable probability that it would change the outcome of the ALJ's decision. Tr. 2. Plaintiff contends this was error and asks the Court to remand this case under sentence six of 42 U.S.C. 405(g) so the ALJ can consider the newly submitted evidence.

To be material under section 405(g), new evidence must "bear directly and substantially on the matter in dispute" and there must be a "reasonable possibility that the new evidence would have changed the outcome of the administrative hearing." *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001). When the Appeals Council denies review, the ALJ's decision is subject to substantial evidence review based on the record as a whole. *Taylor v. Comm'r*, 659 F.3d 1228, 1231 (9th Cir. 2011).

The newly submitted evidence consists of treatment notes showing Plaintiff sought treatment for pain and underwent an epidural steroid injection. Tr. 151-52, 165-67. Plaintiff contends that this evidence provides additional objective support for her allegations but fails to show how it conflicts with the ALJ's finding that she can perform light work with some limitations. After careful review of the entire record, the Court finds the newly submitted evidence does not deprive the ALJ's decision of substantial evidence. *Taylor*, 659 F.3d at 1231. The ALJ's decision is free of harmful error and is therefore affirmed.

## CONCLUSION

For the reasons stated above, the Commissioner's final decision is AFFIRMED under sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED.

DATED this 30th day of August 2019.

                                              s/Michael J. McShane
                                              MICHAEL J. MCSHANE
                                              United States District Judge